## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4055 | **DATE** | 7/24/08 |
| **CASE TITLE** | Mark W. Hawkins (#2008-0066305) v. Cook County Sheriff Dept., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application along with a copy of this order. In addition, Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely. Failure to comply with this order within 30 days will result in summary dismissal of this case

■ [For further details see text below.]                                                                                            Docketing to mail notices.

### STATEMENT

    Although the Clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis.* Effective April 26, 1996, the Prison Litigation Reform Act ("PLRA") significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

    **The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed**. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

    (A)    the average monthly deposits in the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

    The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

To enable the Court to make the necessary initial assessment of the filing fee, **Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee. Failure to comply with this order within 30 days will result in summary dismissal of this case.

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 1983. He alleges that two Cook County Sheriff's deputies assaulted him on April 16, 2000, while two other deputies looked on. The Clerk of the Court received Plaintiff's complaint on July 17, 2008, more than eight years after the alleged event.

*Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Because more than eight years have elapsed since Plaintiff's claim as to use of excessive force against defendants arose, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

Accordingly, the Court gives Plaintiff 30 days from the date of this order to show cause why his action should not be dismissed as untimely. Failure to comply with this order within 30 days will result in summary dismissal of this case.